UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION | MDL Case No.13md2452 AJB (MDD) <br><br> As to all related and member cases <br><br> Case Management Order Establishing Common Benefit Fee and Expense Fund |

## I. SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in the Incretin-Based Therapies Product Liability Litigation.

### A. Governing Principles and the Common Benefit Plan

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough,* 105 U.S. 527 (1881): refined in inter alia, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank,* 307 U.S. 161 (1939); *Mills v. Electric Auto-Ute Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in inter alia, *In re Air Crash Disaster at Florida Everglades*

on December 29, 1972, 549 F.2d 1006, 1019-21 (5th Cir. 1977); and *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev. 1987). Common benefit work product includes all work performed for the benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, a potential settlement process, and all other work that advances this litigation to conclusion.

### B. Application of this Order

This Order applies to all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as Incretin-Based Therapies Product Liability Litigation, MDL 2452. This Order further applies to each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, regardless of whether the plaintiffs' attorney signs the "Participation Agreement" attached hereto as Exhibit A.

This Order shall also apply to any private lien holder who obtains reimbursement from any plaintiff whose case is subject to this Order, because that lien holder is benefiting from the common benefit work performed by Participating Counsel. Such entities shall be subject to this Order regardless of execution of the Participation Agreement, as they are seeking to obtain part of the recovery obtained by a plaintiff who is subject to this Order and the jurisdiction of this Court. Counsel for private lien holder shall pay amounts consistent with the terms of Paragraph IV.(B)(3) of this Order into the Incretins Fee Fund and the Incretins Expense Fund (as those terms are defined herein). Private lien holders' counsel shall not be eligible to make a claim to receive any distribution from the Common Benefit Fee Fund or the Common Benefit Cost Fund.

### C. Participation Agreement (Exhibit A)

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement between plaintiffs' attorneys who have cases pending in the MDL and/or in state court. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only ("Participating Counsel"); and not Defendants or Defendants' counsel. Participating Counsel shall automatically include all members of the Plaintiffs'

Leadership Group by virtue of their appointment by the Court to the Plaintiffs' Steering Committee, any State-Federal Liaisons that this Court may appoint, and any other plaintiffs attorneys who execute the Participation Agreement (Exhibit A hereto).  All plaintiffs' attorneys who currently have cases pending in this Court or in any state court shall, within 45 days of this Order, designate whether or not they are a Participating Counselor a Non-Participating Counsel by signing the appropriate section of the Participation Agreement.  Any plaintiffs' attorney who does not yet have an Incretins case filed in any federal or state court shall designate whether or not they are a Participating Counselor a Non-Participating Counsel by signing the appropriate section of the Participation Agreement: (a) within 45 days of the date their first case is filed in or otherwise docketed in this Court via direct filing, transfer or removal; or (b) within 45 days of the date their first case is filed in any state court, if that lawyer intends to voluntarily become a Participating Counsel at the fee and expense percentages to be determined.  Failure to execute a Participation Agreement indicating that an attorney will be a Participating Counsel within the time frame set forth in this paragraph may result in higher percentages for common benefit assessment as a result of such later participation.

Participating Counsel shall be entitled to receive all the common benefit work product of those counsel who have also signed the Participation Agreement.  Counsel who choose not to execute the Participation Agreement, are not entitled to receive common benefit work product and may be subject to an increased assessment on all Incretins cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed by Participating Counsel.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel.  The Participation Agreement and this Order shall not be cited by a Party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## II. COMMON BENEFIT EXPENSES

### A. Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section and the limitations set forth in the Participation Agreement. Specifically, said expenses must be: (a) for the common benefit; (b) appropriately authorized (as defined in the Participation Agreement); (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm. Time and expense submissions are to be made on the 15th of each month, beginning on September 15, 2014. Each submission should contain all time and expenses incurred during the calendar month prior to the submission date (i.e., the September 15, 2014 submission should include all time and expenses incurred during the month of August, 2014), though the first submission should include all time and expenses incurred through August 31, 2014. All time and expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm. Submissions of time and expense made after the 15th day of the month following the month in which the time or expense were incurred may be rejected. Only time and expense incurred after the entry of the Order by the Court appointing Plaintiffs' Leadership on October 21, 2013 (plus any time and expense incurred by those appointed to leadership) shall be submitted and considered for common benefit consideration. Moreover, only that time and those expenses incurred for the common benefit of all cases, consistent with the terms of this Order shall be considered for common benefit reimbursement at the end of the litigation.

### B. Shared an Held Common Benefit Expenses

#### 1. Shared Costs

Shared Costs are costs incurred for the common benefit of all plaintiffs. Shared Costs are costs that will be paid out of a separate Incretins Operating Expense Fund established and administered by Plaintiffs' Liaison Counsel and funded by all

members of the PSC and others as determined by Plaintiffs' Co- Lead Counsel.  All Shared Costs must be approved by Plaintiffs' Co-Lead Counsel prior to payment.  Shared Costs include: (a) certain filing and service costs; (b) deposition, court reporter, and video technician costs for non-case specific depositions; (c) costs necessary for creation of a document depository, the operation and administration of the depository, and any equipment required for the depository; (d) Plaintiffs' Co-Lead and Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as meetings and conference calls; (f) accountant fees; (g) generic expert witness and consultant fees and expenses; (h) printing, copying, coding, scanning (out of house or extraordinary firm cost); (i) research by outside third party vendors/consultants/attorneys; (j) translation costs; (k) bank or financial institution charges; (l) certain investigative services, and (m) special master and/or mediator charges.

  **2. Held Costs**

  Held Costs are those that will be carried by each Participating Counsel in MDL 2452.  Held Costs are those that do not fall into any of the above categories of shared costs, but are incurred for the benefit of all plaintiffs.  Held costs can also include unreimbursed, but authorized, shared costs.  No specific client related costs shall be considered as Held Costs, unless the case is determined by Plaintiffs' Co-Lead Counsel to be a "common benefit case," e.g., certain bellwether cases as determined by Plaintiffs' Co-Lead Counsel.

  **C. Authorization and Submission**

The Participation Agreement sets forth the guidelines for authorizing and submitting expenses for the common benefit which shall be followed.

///

///

**D.     Expenses Limitations**

    **1.     Travel Limitations**

Except in extraordinary circumstances approved in advance by Plaintiffs Co-Lead Counsel, all travel reimbursements are subject to the following Limitations:

    i.     Airfare:  Only the price of a coach seat for a reasonable itinerary will be reimbursed.  Business/First Class Airfare will not be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs Co-Lead Counsel in order to be considered for reimbursement.  Use of a private aircraft will not be reimbursed.  If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the coach fare will be will be reimbursed.

    ii.    Hotel:  Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed.  Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

    iii.   Meals:  Meal expenses must be reasonable.

    iv.   Cash Expenses:  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.)

will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

v.      Rental Automobiles:  Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger Sized vehicle is needed to accommodate several counsel.

vi.     Mileage:  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50.5 cents per mile).

2. **Non-Travel Limitations**

i.      Shipping, Courier, and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

ii.     Postage Charges:  A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

   iii. Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

   iv. In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 150 per page.

   v. Computerized Research Lexis/Westlaw: Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

  **E.** **Verification**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**III.** **COMMON BENEFIT WORK**

  **A.** **Qualified Common Benefit Work Eligible for Reimbursement**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit. Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work if said time and efforts are: (a) for the common benefit; (b) appropriately authorized (as described in footnote I of the Participation Agreement); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm.

///

### B. Compensable Common Benefit Work

As the litigation progresses and common benefit work product continues to be generated, the Co-Lead Counsel may assign Participating Counsel with common benefit work; common benefit work shall include only work specifically assigned. Examples of common benefit work include, but are not limited to, maintenance and working in the depository; review and document coding; expert retention and development authorized by Co-Lead Counsel; preparing for and conducting authorized depositions of Defendants, third-party witnesses, and experts; and activities associated with preparation for trial and the trial of any cases designated as "common benefit trials" by Plaintiffs' Co-Lead Counsel.

### C. Authorization and Time Keeping

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as set forth in the Participation Agreement and approved by Plaintiffs' Co-Lead Counsel.

## IV. PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A. Establishing the Fee and Expense Funds

At an appropriate time, Plaintiffs' Liaison Counsel will be directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "Incretins Fee Fund" and the second fund shall be designated the "Incretins Expense Fund." These funds will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a qualified certified public accountant (the "CPA") to serve as Escrow Agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs, The CPA shall submit quarterly detailed bills to the Court

and to Plaintiffs' Liaison Counsel. Upon approval by the Court, the CPA's bills shall be paid from the Incretins Expense Fund and shall be considered a shared cost. The Plaintiffs' Liaison Counsel shall provide a copy of this Order to the CPA.

### B. Payments into the Fee and Expense Funds

#### 1. General Standards

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to Incretins claims are subject to an assessment of the gross monetary recovery, as provided herein.

#### 2. Gross Monetary Recovery

Gross monetary recovery includes any and all amounts paid to plaintiffs' counsel by Defendants through a settlement or pursuant to a judgment. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state court, unfiled, or tolled.

#### 3. Defendant Obligations

Upon learning of a case being filed in any state court, Defendants' Liaison Counsel shall notify Plaintiffs' Liaison Counsel of such filing within 30 days of service of the complaint upon Defendant(s). Such notice shall include the name, firm name, and firm address of the Plaintiffs attorney(s) and the date of such filing, so that Plaintiffs' Liaison Counsel can notify that attorney of this Order and offer them the opportunity to

become Participating Counsel. The Plaintiffs' Liaison Counsel shall provide the Defendants' Liaison Counsel, the CPA, and the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the PSC by executing the Participation Agreement. This same list shall be made available to all plaintiffs' counsel with cases in this MDL, as well as any other plaintiffs' counsel who signs the Participation Agreement, upon request. In the event there is a dispute as to whether a case should be on the list, Plaintiffs' Co-Lead Counsel shall seek to resolve the matter with the particular plaintiffs' counsel informally, and if that is unsuccessful, upon motion to the Court.

Defendants and their counsel shall not distribute any settlement proceeds to any plaintiffs' counsel (or directly to a plaintiff) until after (1) Defendants' counsel notifies Plaintiffs' Liaison Counsel in writing of the existence of a settlement and the name of the individual plaintiffs attorney (without disclosing the amount of the settlement); and (2) Plaintiffs' Liaison Counsel has advised Defendants' counsel in writing whether or not the individual plaintiffs attorney's cases are subject to an assessment and the amount (stated as a percentage of the recovery) of the assessment pursuant to this Order. Plaintiffs' Liaison Counsel shall share this information with Plaintiffs' Co-Lead Counsel, who shall otherwise keep this information confidential. For cases subject to an assessment, Defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiffs claim, subject to this Order, shall be entered unless accompanied by a certificate of plaintiffs and defendants' counsel that the assessment, if applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If, for any reason, the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Fund promptly. Counsel for each defendant shall provide at least quarterly to the Court or its

designee notice of the names and docket numbers of the cases for which it has paid an assessment into the Funds since the last such report. A report is not due if there are no payments made into the Funds by that Defendant during that quarter. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the CPA to Plaintiffs' Co-Lead Counsel, the PSC, the Court, or the Court's designee, unless the Court requests that it receive that information. Monthly statements from the CPA shall, however, be provided to Plaintiffs' Co-Lead and Plaintiffs' Liaison Counsel and the Court showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

## V.   DISTRIBUTIONS

### A.   Court Approval

The amounts deposited into the Incretins Fee Fund and the Incretins Expense Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit. No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of this Court. This Court retains jurisdiction over any common benefit award or distribution.

### B.   Application for Distribution

Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court. Any Counsel who does not sign the Participation Agreement shall not be eligible to receive common benefit payments for any work performed or expenses incurred. At the appropriate time, this Court shall request that Plaintiffs' Co-Lead Counsel make recommendations to this Court for distributions to Participating Counsel who have performed common benefit work. In the event that there is not agreement among Plaintiffs' Co-Lead Counsel, each Co-Lead Counsel shall only have

one vote and each vote shall bear the same weight. A decision of Plaintiffs' Co-Lead Counsel need only be made by a majority of votes. Plaintiffs' Co-Lead Counsel shall determine on its own the most fair and efficient manner by which to evaluate all of the time and expense submissions in making its recommendation to this Court. This Court will give due consideration to the recommendation of the Plaintiffs' Co-Lead Counsel.

IT IS SO ORDERED.

DATED: August 26, 2014

Hon. Anthony J. Battaglia
U.S. District Judge